O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DARCY LOU SUTHERLAND,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>            Defendant. | Case No. CV 08-08610-MLG<br><br>MEMORANDUM OPINION AND ORDER |

    Plaintiff Darcy Lou Sutherland seeks judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") benefits. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is affirmed.

**I.  Background**

    Plaintiff filed her application for SSDI and SSI benefits on March 22, 2006, alleging disability as of August 26, 2005 due to a protruding disc in her lower back. (Administrative Record ("AR") at 8, 134-137, 138-143, 153.) Plaintiff was born on August 24, 1956 and was 50 years

old at the time of her application. (AR at 8, 134.) She completed high school, and has been employed as a sales associate, secretary, and ticket seller. (AR at 15, 33, 154.)

Plaintiff's application was denied initially on August 4, 2006 and upon reconsideration on January 4, 2007. (AR at 74-78, 80-84.) An administrative hearing was held on June 9, 2008 before ALJ Joseph D. Schloss. (AR at 19-38.) Medical expert Dr. Arthur Laurber (AR at 19-32) and vocational expert ("VE") Sandra Fioretti (AR at 33-37) also testified at the administrative hearing.

On August 5, 2008, ALJ Schloss denied Plaintiff's applications for benefits. (AR at 8-16.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of August 25, 2006. (AR at 10.) The ALJ further found that Plaintiff had the severe impairments of degenerative disc disease of the lumbar and cervical spine and bilateral carpal tunnel syndrome. 20 C.F.R. 416.920(c). (AR at 11.) However, the ALJ determined that Plaintiff's impairments did not meet and were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR at 12.) The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations: Plaintiff "cannot climb ladders, ropes, or scaffolds. She can occasionally climb stairs/ramps, balance and crawl. Because of mild bilateral carpal tunnel syndrome, she can frequently finger and handle. She cannot work around dangerous, moving machinery." (AR at 12.) The ALJ determined that Plaintiff was able to perform her past relevant work as a sales associate, secretary and ticket seller. (AR at 15.) Therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. 20 C.F.R. § 416.920(f). (Id.)

1     The Appeals Council denied review (AR at 1-3), and Plaintiff timely
2 commenced this action for judicial review. On September 8, 2009, the
3 parties filed a Joint Stipulation ("Joint Stp.") of disputed facts and
4 issues. Plaintiff contends that the ALJ erred by: (1) failing to
5 properly consider the Plaintiff's RFC; and (2) failing to properly
6 determine whether Plaintiff could perform her past relevant work. (Joint
7 Stp. at 5.) Plaintiff seeks remand for a new administrative hearing.
8 (Joint Stp. at 41-42.)

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. <u>Discussion</u>**

    **A.   The Residual Functional Capacity Determination Was Supported By Substantial Evidence**

Plaintiff contends that the ALJ failed to properly formulate her RFC. (Joint Stp. at 6.) More specifically, Plaintiff argues that the ALJ erred in finding that she was able to frequently finger and handle objects. (AR at 12.) Plaintiff contends that, in determining her RFC, the ALJ improperly evaluated the medical evidence and improperly found that she was not fully credible regarding her subjective complaints. (Joint Stp. at 11-13.)

A claimant's RFC is what she is capable of doing despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1); *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (S.S.A. July 2, 1996).[1] An RFC assessment is ultimately an administrative finding reserved to the Commissioner. 20 C.F.R. § 404.1527(e)(2). However, an RFC determination is based on all of the relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, such as treating and examining physicians. *Id.*

The ALJ correctly determined that Plaintiff was able to perform light work and, while minimally limited because of mild bilateral carpal

---

[1] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell v. Sullivan*, 947 F.2d 341, 346 n.3 (9th Cir. 1991) (en banc).

tunnel syndrom, that she was able to frequently finger and handle objects. (AR at 12.) In doing so, the ALJ noted that the medical evidence in the record, including the opinions of Plaintiff's treating physicians, showed that Plaintiff had only mild radiculopathy and minimal bilateral carpal tunnel syndrome. (AR at 13, 218, 233.)

In making this finding, the ALJ relied on the opinion of the consultative examining physician, who determined that Plaintiff retained the capacity to frequently finger and handle. In an orthopedic consultative examination conducted on June 28, 2006, Dr. Herbert Johnson determined that, based on mild carpal tunnel syndrom in her left hand, Plaintiff's manipulative activities, such as handling and fingering, would be limited in her left hand to frequently. (AR at 14, 197.) It was proper for the ALJ to rely on the opinion of the examining physician in determining Plaintiff's RFC. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that the opinion of an examining physician may constitute substantial evidence where it is based on independent clinical findings).

The ALJ also properly relied upon the opinion of the testifying medical expert, Dr. Laurber, and the reviewing state agency physicians. (AR at 14.) After hearing Plaintiff's testimony and reviewing the medical record, Dr. Laurber concluded that Plaintiff had only mild radiculopathy and could therefore perform light work. (AR at 14, 21.) The state agency physicians determined that Plaintiff could perform light work, including "frequent handling and fingering with [her] left hand due to probable carpal tunnel syndrome." (AR at 14, 212, 223.) As the ALJ correctly noted, the opinions of the state agency reviewing physicians were consistent with that of the orthopedic consultative examiner, the medical expert, and the medical evidence in the record.

(AR at 15.) *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.").

The ALJ also found that Plaintiff was not wholly credible regarding her subjective complaints. This finding was also supported by substantial evidence. At the orthopedic consultative examination, Dr. Johnson found evidence of symptom magnification and exaggerated pain. (AR at 13, 193, 195.) Dr. Johnson also deemed Plaintiff's reliability to be less than average in that she had very poor recall of specific dates and she was very vague as to the onset and nature of her back complaints. (AR at 193.) *See Tonapetyan*, 242 F.3d at 1148 (holding that the ALJ may use "ordinary techniques of credibility evaluation," such as considering any inconsistent statements in a claimant's testimony); *see also* 20 C.F.R. § 404.1529(c)(4) (providing for consideration of whether there are any conflicts between a claimant's statements and the rest of the evidence).

The ALJ also appropriately relied on Plaintiff's conservative treatment and her activities of daily living in discounting her claim of disabling pain. The ALJ noted that Plaintiff only occasionally takes non-prescription medication for pain and is not receiving any other treatment. (AR at 13, 43-44.) It was also noted that Plaintiff's treating physician did not consider surgery necessary. (AR at 13, 219.) *See Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (finding that the claimant's allegations of persistent, severe pain and discomfort were belied by "minimal conservative treatment"). Finally, he ALJ properly noted that Plaintiff could prepare food, do household chores, and drive. (AR at 12-13, 189.) *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir.

1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing *Fair*, 885 F.2d at 604).

Accordingly, I find that the ALJ's determination that Plaintiff retained the RFC to perform light work was supported by substantial evidence and that no relief is warranted on this claim of error.

**B. The ALJ's Finding that Plaintiff Is Capable of Performing Her Past Relevant Work is Supported By the Record**

Plaintiff next claims that the ALJ erred in finding that Plaintiff was capable of performing her past relevant work as a sales associate, secretary and ticket seller. (Joint Stp. at 27.) However, this finding is also supported by substantial evidence.

Plaintiff "bears the initial burden of establishing disability by showing that a physical or mental impairment prevents [her] from engaging in any of [her] previous occupations." *Allen v. Secretary of Health & Human Serv.*, 726 F.2d 1470, 1472 (9th Cir. 1984). It is Plaintiff's burden to prove that she cannot return to her former *type* of work, not just to her former job. *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986). A claimant is not disabled if she can perform the duties of her past relevant work. *See* 20 C.F.R. § 404.1520(f).

The ALJ's findings under step four of the sequential evaluation process, as well as other evidence in the record, supports the ALJ's determination that Plaintiff is capable of performing her past relevant work. First, the ALJ properly relied on the testimony of the VE in finding that, because she retained the RFC to perform light work, including frequent fingering and handling, Plaintiff was capable of

performing her past relevant work as a sales associate, secretary and ticket seller. (AR at 15, 33-34.) The hypothetical that the ALJ posed to the VE incorporated all of the relevant medical evidence in the record as well as the requirements of Plaintiff's past relevant work as a sales clerk, secretary and ticket seller. (AR at 33.) Based on the hypothetical, the VE determined that Plaintiff was capable of performing her past relevant work. (AR at 33-34.) The ALJ was entitled to rely on the vocational expert in reaching his disability determination. *See* 20 C.F.R. § 416.960(b)(2) (ALJ may rely on a vocational expert's "expertise and knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed").

The ALJ also appropriately relied on the medical evidence, as well as the opinions of the examining consultative physician, the medical expert and the State Agency physicians, in determining that Plaintiff's limitations would not prevent her from performing her past work, including work requiring frequent fingering and handling.

Finally, contrary to Plaintiff's contention, the ALJ was not required to provide a Dictionary of Occupational Titles ("DOT") citation for her past relevant work. The regulations provide that the ALJ *may* use the services of a VE or other resources, such as the DOT, but do not require the ALJ to do so. 20 C.F.R. § 404.1560(b)(2).

For all of these reasons, I find that the ALJ's conclusion that Plaintiff can perform her past work is supported by substantial evidence in the record.

//
//
//

**IV.   Conclusion**

    For the reasons stated above, the decision of the Social Security Commissioner is **AFFIRMED**.

DATED: September 18, 2009

                                                /s/ Marc L. Goldman  
                                                Marc L. Goldman  
                                                United States Magistrate Judge